UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| DENNIS SHAWN ROBERTS,<br><br>    Plaintiff,<br><br>v.<br><br>WAYNE COUNTY, *et al.*,<br><br>    Defendants. | Civil Action No. 6: 22-CV-066-CHB<br><br>**MEMORANDUM OPINION AND ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*, DISMISSING CASE** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Dennis Shawn Roberts is an inmate confined at the Wayne County Detention Center in Monticello, Kentucky. Proceeding without an attorney, Roberts has filed a civil complaint [R. 1] and a motion to proceed *in forma pauperis*. [R. 3] However, Roberts' fee motion is not signed by him as required by Rule 11(a) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 11(a) (requiring that "[e]very pleading, written motion, and other paper must be signed...by a party personally if the party is unrepresented."). Nor is the financial information submitted by Roberts certified by prison staff, as required by 28 U.S.C. § 1915(a)(2). *See* 28 U.S.C. § 1915(a)(2) (requiring a motion to pay the filing fee in installments filed pursuant to § 1915 be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint…, obtained from the appropriate official of each prison at which the prisoner is or was confined."). For these reasons, Roberts' motion to proceed *in forma pauperis* will be denied.

Even so, the Court will conduct a preliminary review of Roberts' complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997).

The Court evaluates Roberts' complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Even so, a complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). *See also* Fed. R. Civ. P. 8.

Roberts' complaint alleges that he is "on a child support bond of $500 dollars." [R. 1] He then alleges that "[t]oday I learned that over three thousand dollars was excepted at the child support bond paid." [*Id.*] Based on these allegations, he claims that he is being held "under wrongful imprisonment." [*Id.*] He seeks monetary damages in the amount of $2000.00 per day "for every day I miss work and further hardship" from Defendants Wayne County, Wayne County Detention, and Child Services Office. He also "invite(s) internal affairs to investigate" his claim, requests that a U.S. Marshal serve the Defendants, and asks to file a "claim under U.S.C. § 2241, 2254, or 2255." [R. 1] In a note submitted with his complaint, Roberts states that he "asked Deputy Koger to please sign and mail my mail he refused to do so which another

2

The Court has thoroughly reviewed Roberts' complaint, but concludes that it must be dismissed for failure to state a claim upon which relief may be granted. Federal notice pleading requires, at a minimum, that the complaint advise each Defendant of what he allegedly did or did not do that forms the basis of the plaintiff's claim against him. *Iqbal*, 556 U.S. at 678; *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008). Otherwise, it is unduly burdensome (if not impossible) for any particular Defendant to meaningfully respond to the claims asserted against them. "Even a pro se prisoner must link his allegations to material facts…and indicate what each defendant did to violate his rights…" *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (citing *Hill*, 630 F.3d at 471; *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)).

Roberts' only explanation of his claims is his allegation that that he was "on a child support bond of $500. Today I learned that over three thousand dollars was excepted at the child support bond paid." [R. 1 at p. 2] However, this fragmented allegation is woefully short of an allegation that, if true, supports a claim for relief. The lack of factual detail supporting Roberts' claim for relief and the vague and conclusory nature of his allegations are sufficient reasons to dismiss his claims without prejudice for failure to adequately state a claim for relief. *See Iqbal*, 556 U.S. at 678; *Hill*, 630 F.3d at 470.

Nor does his conclusory claim that he is being held "under wrongful imprisonment" state a claim for relief, as "[l]egal conclusions that are 'masquerading as factual allegations' will not suffice." *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 563–64 (6th Cir. 2011) (quoting *Terry v. Tyson Farms, Inc.,* 604 F.3d 272, 276 (6th Cir.2010) (other citations omitted)). Vague allegations that one or more of the defendants acted wrongfully or violated the plaintiff's constitutional rights are insufficient to adequately state a claim for relief. *Laster v. Pramstaller*, No. 08-CV-10898, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008).

In addition, Roberts fails to name a viable Defendant against whom he seeks to pursue his claims. Roberts' identification of "Child Services Office" as a Defendant is simply too vague to adequately identify the particular office or agency against whom he seeks to proceed. Nor may Roberts bring a claim against the "Wayne County Detention Center," as the Detention Center itself is not a suable entity apart from the county that operates it. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."). While Roberts also names Wayne County as a Defendant, because a county government is only responsible under 42 U.S.C. § 1983 when its employees cause injury by carrying out the county's formal policies or practices, *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978), a plaintiff must specify the county policy or custom which he alleges caused his injury. *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010). Roberts makes no allegation that the events about which he complains are the product of a county policy or custom, and he therefore fails to state a claim for relief against the county. *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). *See also Bright v. Gallia County, Ohio*, 753 F. 3d 639, 660 (6th Cir. 2014).

Finally, Roberts may not obtain the monetary relief he seeks through the present action. To obtain his release from custody, Roberts must file a habeas corpus proceeding challenging his detention, not a civil rights action. *Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004); *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). And he may not sue for damages asserting that he is wrongfully imprisoned until he has obtained the reversal of the underlying criminal charges. *Sanders v. Detroit Police Dep't*, 490 F. App'x 771, 773 (6th Cir. 2012); *Heck*

5

*v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Roberts' complaint is therefore premature until he has satisfied this condition precedent to suit.

For all of these reasons, Roberts' complaint will be dismissed for failure to state a claim for which relief may be granted.

Accordingly, **IT IS ORDERED** that:

1. Roberts' motion to proceed *in forma pauperis* **[R. 3]** is **DENIED**;

2. Roberts' complaint **[R. 1]** is **DISMISSED** without prejudice;

3. Any other pending request for relief is **DENIED** as moot;

4. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order; and

5. This matter is **STRICKEN** from the Court's Docket.

This the 19th day of April, 2022.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY